UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>ASHLEY BONAIR CHAMBERS,<br>a/k/a Mark Ashley Chambers,<br><br>              Defendant. | NO: 2:14-CR-77-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL |

BEFORE THE COURT is Defendant's Motion for a New Trial, **ECF No. 116**. Although the Defendant requested oral argument on the motion, the Court finds that oral argument is not warranted. LR 7.1(h)(3)(B)(iii). Defendant's counsel made similar arguments prior to trial and the Court heard oral argument then. The Court has considered the motion, the parties' arguments, all relevant filings, and is fully informed.

/ / /

/ / /

/ / /

ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL ~ 1

## BACKGROUND

A grand jury indicted Mr. Chambers on May 21, 2014, for one count of conspiracy to commit bank fraud and wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1349; eight counts of bank fraud, in violation of 18 U.S.C. § 1344; and one count of wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1343. ECF No. 1. Mr. Chambers was tried by a jury in December of 2014, and convicted of all but one count of bank fraud. ECF No. 1 at 11; ECF No. 111. Mr. Chambers moved for a new trial thirteen days later, within the prescribed time limit under Federal Rule of Criminal Procedure 33(b)(2).

## DISCUSSION

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Mr. Chambers cites two bases for a new trial. First, he argues that the indictment was insufficient because it did not allege how much money he actually obtained by his fraudulent conduct. ECF No. 116 at 3. Second, Mr. Chambers argues that the jury instructions were insufficient because the Court did not instruct the jury to determine the amount of actual or intended loss he caused. ECF No. 116 at 2.

"[A] court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Stirone v. United States*, 361 U.S. 212, 217 (1960)) (citing *Ex parte Bain*, 121 U.S. 1 (1887)). Therefore, "an indictment must set forth each element of the crime that it charges." *Almendarez-Torrez v. United States*,

ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL ~ 2

523 U.S. 224, 228 (1998). More specifically, "any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 476 (quoting *Jones v. United States*, 526 U.S. 227, 243 (1999)) (internal quotation marks omitted). Similarly, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne v. United States*, 133 S.Ct. 2151, 2155 (2013).

Under the federal Sentencing Guidelines, the guideline range for Mr. Chambers' sentence may increase substantially depending on the amount of actual or intended loss he caused. USSG § 2B1.1(a)(1). Mr. Chambers contends that this potential increase in the guideline range makes "actual or intended loss" an element of the offense that must be charged in the indictment and submitted to the jury. ECF No. 116 at 3.

Mr. Chambers' argument is unsupported. The federal Sentencing Guidelines are discretionary, not mandatory. *United States v. Booker*, 543 U.S. 220 (2005). Moreover, "[w]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *Id.* at 233. *Apprendi* and *Alleyne* applied to mandatory maximum and minimum sentences imposed by statute, not to discretionary ranges defined by the Sentencing Guidelines. *Apprendi*, 530 U.S. at 469-70; *Alleyne*, 133 S.Ct. at 2155-56. Mr. Chambers provides no precedential

ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL ~ 3

authority, nor is the Court aware of any, holding that an increase in a discretionary sentencing range implicates the concerns enunciated in *Apprendi* and *Alleyne*, or requires that facts relevant to that increase be charged in the indictment and submitted to a jury.

None of the statutes under which Mr. Chambers was indicted contain mandatory minimum sentences. *See* 18 U.S.C. §§ 1343, 1344, 1349. Nor is there a concern that the guideline range might exceed the statutory maximum sentence prescribed under Title 18 of the United States Code. The statutory maximum sentence for each count is 30 years. 18 U.S.C. §§ 1343, 1344, 1349. If sentenced consecutively, Mr. Chambers could receive, per statute, up to 270 years incarceration. Even if the Court sentenced Mr. Chambers at the top of the guideline range for each count, and ordered that his sentences be served consecutively, Mr. Chamber's total length of imprisonment would be well below the statutory maximum sentence.

Similarly, the amount of actual or intended loss need not have been submitted to the jury. "The common-law requirements of 'justifiable reliance' and 'damages,' . . . plainly have no place in the federal fraud statutes." *Neder v. United States*, 527 U.S. 1, 24 (1999). Thus, the Government need not prove the amount of loss actually sustained by a defrauder's victims, or intended by the defendant. *Id.* at 25. Nor do the statutes under which Mr. Chambers was charged require the Government to prove actual or intended loss as an element of the crime. *See* 18

ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL ~ 4

U.S.C. §§ 1343, 1344, 1349.  Mr. Chambers cites no authority suggesting otherwise.

There is no basis on which to find the indictment or jury instructions insufficient.  Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for a New Trial, **ECF No. 116,** is **DENIED.**  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 15th day of April 2015.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge